☒ FILED   ☐ LODGED

**Jul 22 2025**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

TIMOTHY COURCHAINE
United States Attorney
District of Arizona
ARON KETCHEL
Arizona State Bar No. 038421
ADRIANA D. GENCO
Arizona State Bar No. 033397
Assistant United States Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Aron.Ketchel@usdoj.gov
Email: Adriana.Genco@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br> vs.<br><br>Abdullah Alwan,<br><br>    Defendant. | No. CR-25-01048-PHX-KML (JZB)<br><br>**I N F O R M A T I O N**<br><br>VIO: 18 U.S.C. § 1343<br>   (Wire Fraud)<br>   Count 1<br><br>   18 U.S.C. §§ 981(a)(1)(C),<br>   982(a)(1);<br>   21 U.S.C. § 853;<br>   28 U.S.C. § 2461(c)<br>   (Forfeiture Allegations) |

THE UNITED STATES ATTORNEY'S OFFICE CHARGES:

**BACKGROUND**

At all times relevant to this Information:

1. Abdullah ALWAN is an individual and a resident of Arizona. ALWAN was employed by Amazon.com, Inc. as a Transportation Area Manager between 2016 and November 2021 when he resigned and left the company.

2. Amazon Logistics, Inc. is a subsidiary of Amazon.com, Inc. that operates a line haul program that transports freight between Amazon facilities and from vendors to Amazon. Amazon uses a proprietary system called the FMC to create, manage, and monitor all routes for trucks moving within the Amazon's network.

3. When ALWAN resigned from his position at Amazon, he did not return his company-issued laptop. Between November 2021 and May 2022, ALWAN used that laptop to access the FMC and increase the base rate for deliveries assigned to Amazon's third-party carrier, BLUE LINE TRANSPORT. Once ALWAN processed the fraudulent increases in the FMC, Amazon received inflated invoices that were ultimately paid to BLUE LINE TRANSPORT.

4. ALWAN received approximately $1,500,000 to access the FMC and make the fraudulent adjustments.

**COUNT 1**
**WIRE FRAUD**
**(18 U.S.C. § 1343)**

5. Each of the foregoing allegations are incorporated by reference and re-alleged as though fully set forth herein.

6. Beginning in November 2021, and continuing through May 2022, in the District of Arizona and elsewhere, Defendant Abdullah ALWAN knowingly and willfully devised and intended to devise a scheme and artifice to defraud for the purpose of obtaining money and property by means of materially false and fraudulent pretenses and representations, and by the concealment and omission of material facts.

7. On or about March 12, 2022, ALWAN, for the purpose of executing the scheme and attempting to do so, caused signals and sounds to be transmitted by means of wire communication in interstate commerce when he accessed the FMC remotely and increased the base rate for delivery 116VGTQ76 by $10,000.

All in violation of 18 U.S.C. § 1343.

**FORFEITURE ALLEGATIONS**
**18 U.S.C. § 981(a)(1)(C); 18 U.S.C. § 982(a)(1);**
**21 U.S.C. § 853; 28 U.S.C. § 2461(c)**

8. The factual allegations in Count 1 and in the preceding paragraphs of this Information are re-alleged and incorporated as though fully set forth herein.

9. Pursuant to Title 18, United States Code, Sections 981 and 982, Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c), and upon conviction of the offense alleged in Counts 1 of this Information, defendant shall forfeit to the United States all right, title, and interest in any and all property, real or personal, involved in such offense, or any property traceable to such property involved in the offense, or conspiracy to commit such offense, including the following: (a) all money or other property that was the subject of each transaction, transportation, transmission or transfer in violation of a statute listed in Title 18, United States Code, Section 982, (b) all other property constituting proceeds obtained as a result of those violations, and (c) all property used in any manner or part to commit or to facilitate the commission of those violations including, but not limited to the sum of money representing the amount of money involved in the offense.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

(1) cannot be located upon the exercise of due diligence,

(2) has been transferred or sold to, or deposited with, a third party,

(3) has been placed beyond the jurisdiction of the court,

(4) has been substantially diminished in value, or

(5) has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States to seek forfeiture of any other property of said defendant(s) up to the value of the above-described forfeitable property, pursuant to Title 21, United States Code, Section 853(p).

All in accordance with Title 18, United States Code, Sections 981 and 982, Title 21, United States Code, Section 853, Title 28, United States Code, Section 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

Respectfully submitted this 18th day of July, 2025.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*Digitally signed by ARON KETCHEL
Date: 2025.07.18 15:29:14 -07'00'*

ARON KETCHEL
ADRIANA D. GENCO
Assistant U.S. Attorneys